## Case No. 6,154.

HART et al. v. The OTIS.

[Crabbe, 52.] [1]

District Court, E. D. Pennsylvania. Nov. 25, 1836.

WAGES OF SEAMEN—FORFEITURE—DESERTION.

1. Where there is no entry, in the log-book, of the absence of a seaman without leave, and

---

[1] [Reported by William H. Crabbe, Esq.]

he is received on board again, his wages cannot be forfeited under the act of 20th July, 1790 [1 Stat. 131].

2. There can be no specific forfeiture or deduction for misconduct which is not specially charged in the answer.

3. If seamen leave the vessel, against orders, to go before the consul and complain of their treatment, it is not desertion.

4. Such conduct will not justify their imprisonment, nor the deduction, from their wages, of the amount paid other hands in their places while so imprisoned.

5. If mariners do not desert, their intention so to do does not bring them within the act of 20th July, 1790.

This was a libel for wages. The libellants [George Hart and John Gilman] shipped on board the brig Otis, on the 6th September, 1836, and sailed from Philadelphia to Havana. On their arrival at the latter port, wishing to complain of the captain's treatment of them, they were forbidden to quit the vessel. They did so, however, and went before the American consul, where the captain [Joseph L. Noble] found them. The consul refused to listen to their complaint, and they left his office. They were then apprehended, imprisoned in the jail, chained, and set to breaking stone. A few days before the brig sailed they were brought on board, and performed their regular duty during the voyage home. These transactions did not appear to have been entered in the log-book. It also was shown that there had been some disagreement between the libellants and the mate, which was not alluded to in the respondent's answer. The brig arrived at Philadelphia on the 29th October, 1836, when the libellants' wages were refused them, and this suit was commenced, on the 11th November, 1836, for their wages during the time of service, at the rate of sixteen dollars per month, with certain credits for payments made.

Mr. Gilpin, for libellants.

Mr. Fallon, for respondent. The libellants forfeited their wages, under the act of 20th July, 1790, by leaving the brig at Havana; and the respondent was entitled to deduct from their wages the amount paid to other hands, engaged in their places, during their imprisonment. Thorne v. White [Case No. 13,989]; Whiteman v. The Neptune [Id. 17,-569].

HOPKINSON, District Judge. Whiteman v. The Neptune [supra] was a case of voluntary absence, and not one where the mariner was taken away by a force which he could not resist. The transactions between the men and the mate are not a part of the case, except under the general charge of misconduct, and there can be no specific forfeiture or deduction on this account. As to what the libellants said, it is only explanatory of what they did, but what they did is the point of inquiry. Did they desert? Their intention was nothing if they did not. It was not such a desertion as to forfeit their wages, for there

was no entry of the fact on the log-book, and they were again received on board. The imprisonment at Havana was most unjustifiable. They went to the consul to complain. The captain had made no complaint of them, but they went to complain of him. Was this desertion? Was any desertion pretended? Was it such a desertion as authorized the imprisonment? It was, at most, disobedience of orders. But the captain found them at the consul's, and the offence seems to have been, not desertion, but that they had dared to complain of him. Finding they would not be heard, they left a tribunal in which they, justly, had no confidence; and when the consul and captain issued their warrant of arrest, they did not know or inquire whether the men had not returned to the vessel. In truth, some of them had done so.

Decree for libellants for the full amount of wages claimed, and costs.